CAROLINE M. CLARK, RESPONDENT, *v.* NANCY BRUCE, EXECUTRIX, ETC., OF SETH HARRINGTON, DECEASED, APPELLANT.

*Handwriting — its age — who are experts as to.*

In an action upon a promissory note, in which the statute of limitations was set up, the plaintiff relied upon certain partial payments indorsed thereon by her husband. Upon the trial the defendant called a witness who testified that he had been an attorney for over twenty years; that he had had occasion to examine old and new writings when they were claimed not to be genuine, and that he had examined the notes in suit and the indorsements thereon. The defendant then offered to show that, in the opinion of the witness, judging from the appearance of the writing and ink, the indorsements were written at a more recent date than that which they bore, and that they were all written within the past two years. *Held,* that the evidence was properly excluded, as the witness had not shown himself to be an expert on that question.

To be a judge of the genuineness of handwritings is one thing, to be able to determine its *age* from its appearance, another.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*Abram Thorn,* for the appellant.

*Torrance & Allen,* for the respondent. It was not a question of genuineness of a signature, but called for the opinion of the witness as to the age of the indorsement, and such opinion was inadmissible. (*Sackett* v. *Spencer,* 29 Barb., 180, 181 ; *The Phœnix Fire Ins. Co.* v. *Phillips,* 13 Wend., 80 ; 4 Term R., 49 ; Peake's Ev. App., 176 ; 5 B. & Ald., 530 ; *People* v. *Spooner,* 1 Den., 343.)

SMITH, J.:

This is an appeal from a judgment entered on the report of a referee, in favor of the plaintiff. The action was brought to recover the amount of three promissory notes, alleged to have been made by the defendant's testator. The statute of limitations was pleaded, and the plaintiff, to take the case out of the statute, relied upon certain partial payments which were indorsed on the several notes in

the handwriting of Philip R. Clark, the plaintiff's husband. The questions to be considered are presented by certain exceptions taken at the trial upon points of evidence.

The plaintiff was called as a witness in her own behalf, and was asked by her counsel, "what money, if any, did you receive on that day" (the day of the date of one of the indorsements). It was objected that the question was immaterial, but the objection was overruled, and the witness answered that she received twenty-five dollars to be indorsed on the notes. It is now argued that the ruling was wrong, for the reason that if the payment was made by any one but the deceased the evidence was immaterial, and if made by him the testimony was inadmissible under section 399 of the Code. But the latter objection was not taken at the trial, and must be regarded as waived, since, if attention had been called to it, possibly it might have been obviated, as, for instance, by showing that the payment was made by a third person for the deceased and with his authority. That objection, therefore, is not now available; and as the evidence may have related to a payment made by the deceased or his agent, and in that event bore directly upon the issue, the objection on the score of immateriality was properly overruled.

Stephen Lockwood, called as a witness by the defendant, testified that he was, and had been, an attorney for over twenty years; that in his business he had had occasion to examine old and new writings, and to examine when they were claimed not to be genuine, and that he had examined the notes in suit, and the indorsements on them of 13th June, 1858, and 3d January, 1862. He was then asked: "In your opinion were the indorsements of June thirteenth, upon those notes, written as long ago as they bear date?" He was also asked: "Are the indorsements of 13th June, 1858, and 3d January, 1862, written with the same pen and ink?" The defendant also offered to show by the witness that each of the indorsements, in the opinion of the witness, was written at a more recent time than its date, and that they were all written within two years past, judging from the appearance of the writing and ink. The plaintiff's counsel objected to the questions and offer, separately, on the ground, with others, that the witness was not shown to be competent to give an opinion. The objections were sustained, and the defendant excepted. The questions and offer called for the opinion

of the witness. He was not asked to state facts, to describe the appearance of the indorsements in any respect, but to give an opinion as to the time when the indorsements were made, based upon the appearance of the writing and the ink. What was the appearance of the writing and the ink does not appear by the evidence. We do not think the witness had shown himself to be an expert on that subject. To judge of the genuineness of handwriting, that is, to judge whether it was written by the person whose handwriting it purports to be, is one thing; to determine its age from its appearance is quite another. The witness may have had occasion to pass upon the genuineness of many writings, old and new, and yet never have been called on to form an opinion, from the appearance of handwriting, as to whether or not it was written at the time it bore date. In the present case there was no question as to the genuineness of the indorsements. It was undisputed that they were written by Clark, the plaintiff's husband. The only question was whether they were written at the times they bore date respectively, and upon that point it was proposed to give the opinion of a witness who was not shown to have any experience upon the subject, an opinion based upon appearances which are not described in the evidence, and which he was not asked to state. We think the objection was properly sustained.

Of the other exceptions taken at the trial, it is necessary to notice only one. Mr. Allen, one of the attorneys for the plaintiff, was called as a witness in behalf of his client, and testified that he prepared the original claim sworn to by the plaintiffs and made a copy. He was asked what he did with the original. The question was objected to as immaterial and irrelevant. The objection was overruled, and the defendant excepted. The witness then answered that he presented it to the defendant at plaintiff's request, and asked if she would pay the claim, and she refused, saying the notes were forgeries. The evidence was admissible as tending to show that the demand had been duly presented and its payment was unreasonably resisted or neglected by the defendant; facts which the statute requires to be certified, when proved, by the judge or referee before whom the trial is had, with a view to the proper disposition of the question of costs. (2 R. S., 90, § 41; Code of Procedure, § 272.) No specific objection was taken to any part of the witness' answer

On the whole, we think there was no error at the trial, and that the judgment should be affirmed.

TALCOTT, P. J., and MERWIN, J., concurred.

Judgment affirmed.